IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROBERT STEPHEN FLEMING :
    Petitioner,

    v. :
                                                        CIVIL ACTION
DR. ROBERT J. MARSH, JR.;                  No. 19-2301
THE COMMONWEALTH OF :
PENNSYLVANIA; and, THE CHESTER
COUNTY DISTRICT ATTORNEY'S OFFICE
    Respondents. :

**ORDER**

AND NOW, this 1st day of November 2019, upon careful and independent consideration of Petitioner's Petition for a Writ of Habeas Corpus (ECF No. 4), and after review of the Report and Recommendation of United States Magistrate Judge Timothy R. Rice (ECF No. 10), as well as Petitioner's Objection thereto (ECF No. 12), it is hereby ORDERED as follows:

    (1)    Petitioner's Objection (ECF No. 12) is OVERRULED;[1]

---

[1] Petitioner's Objection is largely unresponsive to Judge Rice's Report and Recommendation (R&R) but instead, takes issue with Respondent District Attorney of Chester County's Response to Petitioner's Objection. Petitioner maintains in pertinent part that he "is not a statutory or juristic person, nor is the Petitioner a citizen resident or subject as stated above. The Petitioner is a Private Citizen and is exempt from the Emergency Banking Act, The War Powers Act, and the Trading with the Enemies Act, and the Petitioner has never agreed to stand for the debt or default of another or in any way offer himself up as a surety in the Respondent's Action." (Obj. 3.) As such, Petitioner claims neither the District Attorney's Office nor the Chester County Court of Common Pleas ever had jurisdiction over him. (Obj. 3.) Petitioner's claims are unfounded and his Objection is without merit. *See United States v. Young,* 735 F. App'x 793, 796 (3d Cir. 2018) (rejecting pro se litigant's claim that the court lacked jurisdiction with regard to criminal charges again him) (citing *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts.")); *see also Pannell v. United States*, Civil Action No. 14-0730, 2014 U.S. Dist. LEXIS 56148, at *2 (D. NJ 2014) ("To the extent Petitioner seeks release from confinement on the basis of his jurisdictional argument rooted in his redemptionist/sovereign

(2) The Report and Recommendation (ECF No. 10) is APPROVED and ADOPTED;

(3) The Petition for Writ of Habeas Corpus (ECF No. 4) is DISMISSED without prejudice;

(4) Petitioner's Motion for an Immediate Hearing (ECF No. 9) is DENIED;

(5) There is no probable cause to issue a certificate of appealability; and,

(6) The Clerk of the Court shall mark this case CLOSED for statistical purposes.

BY THE COURT:

/s/ C. Darnell Jones, II     J.

---

citizen beliefs, his claims are dismissed for abuse of the equitable nature of the writ.").